RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  2/26/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES | CIVIL ACTION NO. 12-00343 |
|---|---|
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| OKALEKAN TEJU | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is defendant's oral motion to dismiss his attorney, Wayne J. Blanchard, so he may represent himself.

At the hearing held on this date, defendant was placed under oath and was reminded of his right to remain silent. He was then questioned by the court as to his mental capacity, prior mental health, age, education and literacy and trial experience.

It was then explained to defendant that under the United States Constitution and federal law he has a right to represent himself, Faretta v. California, 95 S. Ct. 2525 (1975); 28 U. S. C. §1654. However, defendant's decision to waive counsel must be made knowingly, intelligently and voluntarily. With that in mind, I undertook to establish whether defendant would be allowed to waive counsel.

First, the defendant was advised again of the charges against him and of the maximum possible penalties. The court reiterated the information provided to defendant at his arraignment. U. S. v. Farhad, 190 F.3d 1097 (9th Cir. 1999).

Then the court explained to defendant the benefits a lawyer

could provide, including, but not limited to, the lawyer's superior knowledge, education, training and experience, availability of investigatory aids and legal research and ability to make meaningful objections, cross-examine witnesses, present testimony and decide whether or not defendant should take the stand an testify at trial. Many other benefits of having a lawyer present were explained to the defendant, as reflected in the record of the proceeding.

In addition, it was explained to defendant that if he were allowed by this court to proceed pro se that he would be required to follow rules of procedure in the court and the rules of evidence and that the court could not and would not assist him or guide him as to the law or procedure or give him legal advice. Finally, it was explained to him that the court can terminate his right to represent himself if he engages in abusive or obstructionist behavior.  Defendant was also advised of his right to employ standby counsel.  The court strongly recommended to defendant that he not represent himself.

When questioned regarding his ability to represent himself, defendant responded that he could read and write English.  He had a college degree, studied two years of law and participated in a mock trial.  He also stated he was familiar with both the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

At the conclusion of the hearing, defendant advised the court

that he understood the court's explanations, and that he had no questions concerning the explanations of his rights with regard to waiver of counsel. Defendant reiterated his desire to represent himself despite the advice of the court. Accordingly, I advised the parties that I would recommend to the district judge that he be allowed to represent himself with the help of standby counsel [See McKaskle v. Wiggins, 104 S.Ct. 944 (1984)] and Mr. Blanchard agreed to serve in that capacity.

### Conclusion

IT IS RECOMMENDED that the defendant's oral motion to represent himself be GRANTED and that Ms. Blanchard be relieved of his duties as court appointed counsel for defendant with the proviso that he continue as standby counsel.

### OBJECTIONS

As both parties indicated they had no objection to the aforementioned recommendation, no time is needed for the filing of objections.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 26th day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3