UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION NO. 12-0343 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| OLALEKAN TEJU | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**MEMORANDUM RULING**

On December 19, 2012, Olalekan Teju was indicted by a Grand Jury in Shreveport, Louisiana. The single count indictment alleges that Teju is an alien under final Order of Removal who refused and prevented his removal from the United States by refusing to board the aircraft to Nigeria. An arrest warrant was issued for Teju, who was in the custody of Immigration and Customs Enforcement (ICE). An initial appearance and arraignment was held before the District Judge on January 23, 2013 and the defendant entered a plea of Not Guilty. Counsel was appointed to represent the defendant. However, at the hearing before the District Judge, the defendant asserted that his name is not Teju, but rather is Hammed Marbephar. Therefore, an Identity and Detention hearing was set and was held before me on February 4, 2013 and February 26, 2013.

In the meantime, the pretrial services office of this court conducted an NCIC criminal records check under the name Olalekan Teju. The report reflects that Teju has used 20 aliases, 4 dates of birth, and 3 Social Security numbers. The names he has used include both

Olalekan Teju, Olalekan A. Teju, and Hammed Marbephar[1].

In addition, when interviewed by the pretrial services officer, defendant admitted to having been convicted and sentenced for bank fraud in the Eastern District of Texas (Docket Number 05CR00003) on January 5, 2006 under the name Hammed Olarewaju Marbephar. As a condition of his supervised release following his 15 month incarceration, defendant was to immediately report to the Immigration authorities for deportation proceedings. He failed to appear. On March 27, 2008, the Eastern District of Texas revoked his supervised release for failing to have reported to Immigration as ordered, failing to report to probation and for having committed a new crime. He was sentenced to a new 15 month prison term followed by supervised release. On March 10, 2010, Hammed Marbephar was indicted in the Southern District of Texas (10CR0155) for having falsely identified himself as a U. S. Citizen on December 8, 2008   [by presenting a fraudulent passport]. The indictment also contained "also known as" (a.k.a.) names including Olalekan Teju. The defendant there pled guilty to counts 1 and 2 of the indictment as charged and was sentenced.

<u>The Identity Hearing</u>

In accordance with the District Judge's Order, an identity hearing was held before me at which the defendant was, in the beginning, represented by counsel and later  proceeded

---

[1] Teju has also used various permutations of that name, including Hammed Olarewaju Marbephar, Hammed Lanre Marbeph<u>er</u>, Hammed Olarewaj Marbephar, Hamme Lanre Marbeph<u>er</u>, Hammed O. Marbephar, Hammed Olarewju Marbephar,, and Hammed La<u>rn</u>e Marbephar.

pro se, with standby counsel.[2]

The evidence at the identity hearing shows that an order of removal in the name of Olalekan Teju was issued *in absentia* in October 2003 but he was not taken into custody until 2011. He was ordered removed a second time in July of 2012. Travel papers were issued on that date by the Nigerian consulate in the name Olalekan Teju, a copy of which is in the record.[3]

Although fingerprints were taken by the United States Marshal upon Teju being taken into custody by the Marshal for these proceedings, there exist no fingerprints of Teju at the time of the deportation order in 2003 because he did not appear for the proceeding. Neither, apparently, are there fingerprints from the second removal order in 2012. However, ICE Agent Stedman testified that he submitted the FBI number for Teju to the FBI fingerprint division and it yielded results showing the list of the aliases used by the person bearing those fingerprints, including Olalekan Teju and Hammed Marbephar. It also showed his previous crimes which Agent Stedman compared to his rap sheet (NCIC report). Agent Stedman determined the previous crimes listed by the FBI were consistent with defendant's rap sheet.

---

[2] During the proceeding, the defendant asserted his right to represent himself. Therefore, after the required colloquy, a Report and Recommendation was signed by me and, because there were no objections to it, a Judgment was promptly signed by the district judge allowing Teju to represent himself, but with standby counsel appointed. The identity and detention hearings then continued with standby counsel present.

[3] The evidence showed that, sometime in 2010, the "A files" of Teju and of Marbephar were consolidated, ICE apparently believing them to be one and the same person.

Agent Stedman also testified that in December 2003 the American Bank[4] in Corpus Christie called the police concerning suspected bank fraud. When the police arrived, the subject attempted to hide his identity by concealing his wallet. When asked his name, he gave the officers the name Olalekan Teju, among others. Prior to that time, in September, 2003, Olalekan Teju had opened an account at the bank in his name. At the time of his arrest, Teju was found to be in possession of several credit cards with other person's names on them.[5] Because Teju had given police the name Olalekan Teju as one of his names, and there was an INS detainer on that name, immigration was asked to provide its "A file" under that name. The photo in the file was compared to a photo of the subject under arrest in Corpus Christie and it was determined to be the same. The A file photo had been made by INS about a year before Teju's arrest in Corpus Christie, when he had applied to INS for a change in status. A copy of the photograph is in evidence in this case as Exhibit B.

Agent Stedman also had the Nueces County (Corpus Christie) Sheriff's Office fingerprint clerk compare its fingerprints to the ones taken in this case by the United States Marshal upon taking custody of Teju on January 23, 2013. They identified the fingerprints as belonging to the person they knew as Hammed <u>Lanre</u> Marbeph<u>er</u>, and whose fingerprint

---

[4] Agent Stedman identified the bank both as American Bank and as First Capital Bank. However, the correct name of the bank is not material.

[5] One of the cards was in the name of Luqman Bisiriyi, a real person whom Agent Stedman testified he has spoken to and who alleges that the defendant stole his identity ten or so years ago. Luqman Bisiriyu is also one of the defendant's known aliases and is listed under the FBI number submitted by Agent Stedman and is listed in NCIC.

card shows aliases including Hammed Olarewaju Marbephar, Hammed Oarewju, Luqman Bisiriyu, and Olalekan Teju, among others. See Exhibit s C and E. The indictment, viewed on the court's PACER system shows that the defendant was indicted in the name Hammed Olarewaju Marbephar. The criminal judgment is in the same name, but shows also an alias of Luqman Bisiriyu[6].

Agent Stedman also testified that defendant was indicted in 2010 for the 2008 act of falsely representing himself as a United States citizen. He was indicted under the name Hammed Olarewaju Marbephar a.k.a. Olalekan A. Teju a.k.a. Idris Bamidele Bello a.k.a. Luqman Kolawole Bisiriyu. The criminal judgment shows his name as Hammed Olarewaju Marbephar a.k.a. Olalekan A. Teju.

Agent Lewis testified that he met the defendant at the airport to escort him to the plane for deportation. Agent Lewis testified that after introducing himself, he asked the defendant if he was Olalekan Teju and asked the defendant if he was pronouncing it correctly, at which time the defendant corrected Agent Lewis in the pronunciation. Agent Lewis testified that sometime later the defendant told him that Teju was a friend of his from Florida and he was not Teju.

The fact that ICE (formerly INS) cannot locate fingerprints of the person it ordered deported makes this case more difficult than it should be. However, the court is convinced that Hammed Marbephar, including all versions of the name which have been used by the

---

[6] This is the person who told Agent Stedman his identity had been stolen by the defendant.

defendant, and Olalekan Teju are both names used by the person before the court. The court is equally convinced that the other 18 names under the FBI number assigned to the person with defendant's fingerprints are also names used by the person before the court. . <u>Smith v. United States</u>, 92 F.2d 460, 461 (9th Cir.1937) ("An identity of names is sufficient to create an inference of identity which the [defendant] must rebut."); <u>Charlie Wong v. Esola</u>, 6 F.2d 828, 829 (9th Cir.1925) ("An inference of identity of person may be drawn from identity of name.").

While fingerprints from the A file do not exist, the A file photograph does. This photograph was used by Nueces County to confirm its arrestee's true identity after his arrest for theft.[7]  This proves that the person the INS knew in 2003 as Olalekan Teju is also the person who was arrested in Nueces County later in 2003. Further, the court finds that the photograph, Exhibit B, is the person now before the court, based on personal observation. The information obtained by Agent Stedman from the FBI connects Teju to the aliases and to the convictions shown on Teju's rap sheet. The Nueces County fingerprints taken in 2003 also match the fingerprints taken by our Marshal in this case.

In addition, two of the names given to the Corpus Christie police in 2003 by its arrestee were Hammed Marbephar and Olalekan Teju.

The travel documents issued by the Nigerian government are in the name Olalekan

---

[7] Admittedly, it is not clear why, after determining Marbephar's true identity, Nueces continued to prosecute him in the name Marbephar.

Teju. It is doubtful the Nigerian government, from whom Agent Stedman testified it is difficult to obtain travel documents even when everything is perfect, would have issued travel documents to defendant in the wrong name.

Moreover, this defendant admitted to Agent Lewis that he was Olalekan Teju, before later changing his story to claim Teju was just a friend in Florida.

Finally, I have reviewed the Pretrial Services Report prepared by the EDTX regarding its bank fraud case in 2005, which defendant admitted to the Pretrial Services Officer here, Mr. Simons. It shows that at the time of his arrest[8], Teju claimed to be Luqman Bisiriyu, the person whose identity was stolen and who Agent Stedman interviewed. The Pretrial Services Officer stated that on July 12, 2005, the defendant stated that Luqman K. Bisiriyu was his real name and that the name under which the criminal charges were filed, Hammed Olarewaju Marbephar, was not his true name.

The evidence is clear to me that the person ordered removed in September 2003 under the name Olalekan Teju is the same person arrested for bank fraud in the Eastern District of

---

[8] When Teju was arrested he had fraudulently opened a checking account in the name Morroe Glenn Clowers, Jr., in Lufkin, Texas and also a credit card account in that name. He had made a cash advance from the credit card account and had it wired into the checking account. He was arrested when he attempted to withdraw the money using false identity documents including a drivers license and Social Security card in the name of Mr. Clowers. Inside his vehicle was found other false identification and bank documents in another name. A search of Teju's residence revealed 15 credit histories, among other things. Mr. Bisiriyu submitted a Victim Impact Statement to the court describing the effect that Teju's theft of his identity had caused including requiring him take time off work to travel to four Texas counties to have records of criminal charges expunged. The identity theft has resulted in his being publicly labeled as a criminal. Mr. Bisiriyu stated that the defendant had threatened to kill him and his family and that "I want the judge to know that he's a serious threat to me and the entire nation."

Texas in December, 2003 and is the same person now before the court. Whether that person's true name is Marbephar, Teju or something else entirely is beside the point. As Agent Stedman testified, ICE deports the body, not the name.

### Conclusion

Teju has failed to rebut the inference of identity which arises from the identity of names he has used. More importantly, the government has proved by clear and convincing evidence, that defendant is the individual identified as Olalekan Teju in the Indictment and is the person ordered deported under that name. See United States v. Whitehurst, 116 F.R.D. 511, 513–14 (D.Minn.1987); United States v. Johnson, 45 F.R.D. 427, 428–29 (D.Nev.1968).

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on March 4, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE